UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WATTIE FOLK,

                              Plaintiff,

         v.                                        **DECISION AND ORDER**
                                                   00-CV-199S

P. RADEMACHER, et al.,

                              Defendants.

## I.  INTRODUCTION

Plaintiff commenced this action under 42 U.S.C. § 1983 on March 3, 2000, by filing

a Complaint in the United States District Court for the Western District of New York.

Presently before this Court is a Motion to Dismiss filed by the remaining defendants in this

case – P. Rademacher, Sgt. Stachewiez, Lt. Hendel, W. Kelley, Hartman, Fleming, Booker,

Piasa and Sgt. Baker ("Defendants") – on September 2, 2004.  Defendants bring their

motion pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.  This

is the third motion filed by Defendants on these grounds.  For the reasons stated below,

Defendants' motion is granted and this case is dismissed with prejudice.

## II.  BACKGROUND

This motion arises from a discovery ruling issued by the Honorable Hugh B. Scott,

United States Magistrate Judge.  On October 15, 2002, Defendants filed a Motion to

Compel Plaintiff to respond to their First Set of Interrogatories because Plaintiff's initial

response had been inadequate.  On May 27, 2003, Judge Scott granted Defendants'

Motion to Compel and directed Plaintiff to file appropriate interrogatory responses within

twenty days.  Despite being granted an extension of time in which to respond, Plaintiff

failed to file his interrogatory response.  As a result, on August 19, 2003, Defendants filed a Motion to Dismiss pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.

On November 5, 2003, this Court denied Defendants' Motion to Dismiss after Plaintiff satisfactorily explained the reason he failed to comply with Judge Scott's Order. This Court granted Plaintiff an additional thirty days within which to file his response to Defendants' First Set of Interrogatories.  Plaintiff filed and served his response to Defendants' First Set of Interrogatories on November 21, 2003.  This response, however, was simply a photocopy of the response Plaintiff initially filed on August 29, 2002, the one Judge Scott found to be inadequate.

Consequently, Defendants filed a second Motion to Dismiss on December 19, 2003. Plaintiff filed a response in opposition.  Therein, Plaintiff did not deny that he simply re-filed his initial interrogatory response.  Rather, he argued that Judge Scott did not have dispositive jurisdiction, and therefore lacked the proper authority to find his initial interrogatory response inadequate.  Further, Plaintiff argued that he did not fail to respond as Defendants alleged because he did indeed file a response.

On May 24, 2004, this Court denied Defendants' Second Motion to Dismiss.  In doing so, however, this Court rejected Plaintiff's arguments and excuses for not complying with Judge Scott's Order.  Nonetheless, because Plaintiff is proceeding *pro se*, this Court determined that granting the relief Defendants requested would be too drastic a measure at that stage of the litigation.  See Bobal v. Rensselaer Polytecnic Inst., 916 F.2d 759, 764 (2d Cir. 1990) ("dismissal with prejudice [under Rule 37] is a harsh remedy to be used only

in extreme situations . . . ").  This Court warned Plaintiff that his lawsuit may be dismissed with prejudice if he did not file and serve appropriate responses to Defendants' First Set of Interrogatories within thirty days.  Cf. id. at 764 (discussing that a court may dismiss an action brought by a *pro se* plaintiff if such plaintiff has been advised by the court that further non-compliance with a court order could result in dismissal of the case with prejudice).

On June 17, 2004, Plaintiff filed a Motion to Extend the thirty-day response deadline.  By Order filed July 7, 2004, this Court directed Defendants to provide Plaintiff with another copy of their First Set of Interrogatories, extended Plaintiff's deadline to respond to August 30, 2004, and warned Plaintiff that this was his final extension of time and that his failure to respond could result in his case being dismissed with prejudice.  On August 13, 2004, Plaintiff filed his response to Defendants' First Set of Interrogatories.

On September 2, 2004, Defendants filed their instant Third Motion to Dismiss pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.  By Order filed October 7, 2004, this Court directed Plaintiff to file a response to Defendants' motion on or before October 29, 2004.  On October 29, 2004, Plaintiff filed a Motion for Extension of Time to respond.  By Order filed November 4, 2004, this Court extended Plaintiff's response deadline to November 29, 2004, and warned Plaintiff that his failure to file a response could lead to Defendants' motion being granted as uncontested.  To date, Plaintiff has not filed a response to Defendants' motion.

## III.  DISCUSSION

### A.     Dismissal under Rule 41(b) For Failure to Prosecute

This case first warrants dismissal based on Plaintiff's failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Rule 41(b) does not define what constitutes failure to prosecute.  However, the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).  Dismissal pursuant to Rule 41(b) falls within the court's discretion.  See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion").  It is, however, "a harsh remedy to be utilized only in extreme situations."  Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive").  This is particularly true in cases involving *pro se*

4

litigants, where dismissal for failure to prosecute should only be granted "when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 487 (2d Cir. 1994)).

The following factors, none of which is dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita, 16 F.3d at 485; Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)).  In the present case, these factors weigh in favor of dismissal.

### 1.    Duration of Failures

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. See Norden Sys., 375 F.3d at 255.

In this case, Plaintiff has failed in two ways.  First, as noted above, Plaintiff has failed to respond to Defendants' Third Motion to Dismiss, despite twice being directed by this Court to do so.  Second, and more significant, Plaintiff has failed to adequately comply with Judge Scott's discovery Order of May 27, 2003.  Plaintiff has been afforded numerous opportunities to file an appropriate response to Defendants' First Set of Interrogatories.

This Court alone has twice extended Plaintiff the benefit of the doubt by denying two Motions to Dismiss for Plaintiff's failure to engage in discovery. While Plaintiff did, in fact, file a response to Defendants' First Set of Interrogatories on August 13, 2004, his response is wholly inadequate. Plaintiff's response contains multiple objections to Defendants' basic interrogatory requests and does not provide anything by way of meaningful discovery. In fact, no useful information whatsoever is contained in Plaintiff's response. Clearly, Plaintiff alone is responsible for repeatedly filing inadequate responses to Defendants' discovery request. As a result, Defendants still have not received any meaningful response to their interrogatory requests.

With respect to the second inquiry, which concerns the duration of Plaintiff's failures, it has been almost one year that Plaintiff has failed to file a response to Defendants' Third Motion to Dismiss. The delay caused by Plaintiff's failure to response to Defendants' interrogatory request is even more significant. Defendants filed and served their First Set of Interrogatories on August 17, 2001. It has thus been more than *four years* and Plaintiff still has not filed an adequate response. This is a failure of significant duration. Cf. Chira, 634 F.2d at 666-67 (delay of six months sufficient to warrant dismissal for failure to prosecute); Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (delay of four months warranted dismissal). Thus, this Court finds that this factor weighs in favor of dismissal. In this Court's view, all delay in this case is attributable to Plaintiff and it is of significant duration.

2.      **Notice of Dismissal**

The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction.  See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001).   In the present case, Plaintiff had adequate notice.   First, both the initial Scheduling Order on Defendants' Third Motion to Dismiss and the Order granting Plaintiff's request for an extension of time warned Plaintiff that his failure to file a response as directed could lead to Defendants' motion being granted as uncontested.   Second, this Court's Decision and Order denying Defendants' First Motion to Dismiss explicitly stated that Defendants were free to seek dismissal of Plaintiff's Complaint if he failed to respond to the First Set of Interrogatories as directed.   Moreover, this Court's Decision and Order denying Defendants' Second Motion to Dismiss warned Plaintiff that his failure to file appropriate responses to Defendants' First Set of Interrogatories could result in this action being dismissed with prejudice.   Because Plaintiff was repeatedly put on notice that his case could be dismissed due to his continued inaction, this factor strongly weighs in favor of dismissal.  See Lyell Theatre, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned by opposing counsel and the court that dismissal for failure to prosecute was possible).

3.      **Prejudice to Defendants**

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction.  "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater."   Lyell Theatre, 682 F.2d at 43 (citations

7

omitted).  In <u>Lyell Theatre</u>, the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court.  <u>Id</u>. at 39-40, 43.  Similar to the present case, the plaintiff in <u>Lyell Theatre</u> continued to ignore the court's orders even after he had been warned that he was risking dismissal.  <u>Id</u>. at 39.  Under <u>Lyell Theatre</u>, the prejudice to Defendants in this case may be presumed.  Thus, this factor weighs in favor of dismissal.

### 4.    Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case.  <u>See</u> <u>Norden Sys.</u>, 375 F.3d at 257.  In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'"  <u>Feurtado</u>, 225 F.R.D. at 480 (quoting <u>Davis v. United Fruit Co.</u>, 402 F.2d 328, 331 (2d Cir. 1968)).  Plaintiff's failure to comply with Judge Scott's discovery order has resulted in this Court having to prepare and file numerous scheduling orders, as well as decide three separate motions to dismiss.  While this has been a needless expenditure of judicial resources, this Court cannot conclude that the overall effect on docket congestion has been significant.

This Court notes, however, that Plaintiff has been afforded Due Process rights in that he has been provided numerous opportunities to comply with the Orders of this Court.  Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process.  <u>See</u> <u>Dodson v. Runyon</u>, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); <u>cf.</u> <u>Feurtado</u>, 225 F.R.D. at 480 (repeated failure

to comply with court orders diminishes a plaintiff's right to present his claims).  Accordingly, this factor also weighs in favor of dismissal.

### 5.      Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257.  Upon reviewing the entire record in this case, it is the opinion of this Court that Plaintiff has no intention of complying with this Court's Orders or properly litigating this case.  Plaintiff has repeatedly ignored court orders by failing to file a response to Defendants' Third Motion to Dismiss and to Defendants' First Set of Interrogatories.   Given the procedural history of this case, this Court finds that any sanction short of dismissal would be ineffective.  See Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders).  Thus, this final factor also weighs in favor of dismissal.

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

### B.      Dismissal under Rule 37(b) For Failure to Comply with Discovery Orders

"A district court may impose sanctions when 'a party . . . fails to obey an order to provide or permit discovery.'"  Burns v. Imagine Films Entm't, Inc., 164 F.R.D. 594, 598 (W.D.N.Y. 1996) (quoting FED. R. CIV. P. 37(b)).  Rule 37 of the Federal Rules of Civil

9

Procedure, which concerns the discovery obligations of civil litigants, vests district courts with "broad power" and discretion to impose sanctions, including dismissal, on parties who fail to adhere to discovery orders.  See Friends of Animals, Inc. v. United States Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997) (per curiam); see also Jones v. J.C. Penney's Dep't Stores, Inc., 228 F.R.D. 190, 195 (W.D.N.Y. 2005) (identifying dismissal of the action as an available sanction under Rule 37); JSC Foreign Econ. Ass'n. Technostroyexport v. Int'l Dev. & Trade Servs., Inc., No. 03 Civ. 5562, 2005 WL 1958361, at *9 (S.D.N.Y. Aug. 16, 2005).

While Rule 37 dismissal is a drastic remedy to be reserved only for extreme circumstances, it "is warranted . . . where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988) (and cases cited therein); see also Societe Int'l v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (sanctions under Rule 37 justified where responding party has control over information requested and fails or refuses production without showing of inability to comply with court's order).  Moreover, "dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (per curiam).

For all of the reasons discussed above, this Court finds that dismissal of this case is also proper under Rule 37(b) for Plaintiff's failure to comply with discovery orders.

## IV. CONCLUSION

Mindful of the fact that *pro se* cases should not easily be dismissed for procedural deficiencies, this Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies, and constitute actual neglect.  Plaintiff has failed to diligently prosecute this action in any manner, and has failed to comply with orders of this Court.  As such, because each of the factors relevant to the Rule 41(b) and Rule 37(b) analysis favor dismissal, this Court will dismiss this case with prejudice.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Third Motion to Dismiss (Docket No. 145) is GRANTED.

FURTHER, that this case is dismissed with prejudice pursuant to Rules 41(b) and 37(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:        September 5, 2005
              Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
